IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| DR. MARY DAVIS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | No. 07 C 5163 | |
| THE BOARD OF CONTROL FOR | ) | | |
| LAKE COUNTY HIGH SCHOOLS | ) | | |
| TECHNOLOGY CAMPUS AND | ) | | |
| DR. LINDA JEDLICKA, | ) | | |
| | ) | Wayne R. Andersen | |
| Defendants. | ) | District Judge | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion of defendants The Board of Control for Lake County High Schools Technology Campus ("the Board") and Dr. Linda Jedlicka ("Jedlicka") (collectively "defendants") for summary judgment. Plaintiff Dr. Mary Davis ("Davis") worked as a substitute at the Lake County High Schools Technology Campus and filed this action for declaratory judgment, mandamus, and damages pursuant to 42 U.S.C. § 1983 based upon allegations that the defendants deprived her of retirement benefits. For the reasons set forth below, defendants' motion for summary judgment is granted.

## BACKGROUND

The undisputed facts indicate that Davis is a former public school administrator and substitute teacher. She served as a substitute during the 2004-2005 and 2005-2006 school years in various classes at the Lake County High Schools Technology Campus. The Board is a body politic and corporate that is organized pursuant to the Illinois School Code, 105 ILCS 5/1 *et seq*. Lake County High Schools Technology Campus provides technical and vocational education to

high school students in Lake and McHenry counties. Jedlicka is the Executive Director of Lake County High Schools Technology Campus. The gist of Davis' complaint is her claim that she is entitled to early retirement pension benefits pursuant to the Illinois Pension Code and that defendants unlawfully deprived her of that right.

Davis' last day of employment at Lake County High Schools Technology Campus was June 1, 2006. On or about July 27, 2006, Davis contacted Jedlicka and informed her of her intent to retire under the "Early Retirement Option" provided by the Teacher's Retirement System of Illinois. Davis also informed Jedlicka that she intended to list Lake County High Schools Technology Campus as her last employer for purposes of the early retirement option. Through the creation of the Teacher's Retirement System, the Illinois Pension Code provides for a monthly retirement annuity to retired teachers or members who meet certain criteria . *See* 40 ILCS 5/16-101. The early retirement option provided by Teacher's Retirement System permits teachers to retire "early" without their annuity being discounted provided that they meet certain conditions. The relevant portions of the statute governing this early retirement option states,

> Early retirement without discount. (a) A member retiring...and applying for a retirement annuity within 6 months of the last day of teaching for which retirement contributions were required, may elect at the time of application for a retirement annuity, to make a one time member contribution to the System and thereby avoid the reduction in the retirement annuity for retirement before age 60...The exercise of this election shall also obligate the last employer to make a one time non-refundable contribution to the System. Substitute teachers wishing to exercise this election must teach 85 or more days in one school term with one employer, who shall be deemed the last employer for purposes of this Section. The last day of teaching with that employer must be within 6 months of the date of application for retirement. All substitute teaching credit applied toward the required 85 days must be earned after June 30, 1990.
>
> The one time member and employer contributions shall be a percentage of the retiring member's highest annual salary rate used in the determination of the average salary for retirement annuity purposes. However, when determining the one-time member and employer contributions, that part of a member's salary with the same employer which

2

exceeds the annual salary rate for the proceeding year by more than 20% shall be excluded. The member contribution shall be at the rate of 7% for the lesser of the following 2 periods: (1) for each year that the member is less than age 60; or (2) for each year that the member's creditable service is less than 35 years. If a member is at least 55 and has at least 24 years of creditable service, no member or employer contribution for the early retirement option shall be required. The employer contribution shall be at the rate of 20% for each year the member is under age 60.

40 ILCS 5/16-133.2.

Accordingly, pursuant to the statute, in order to take advantage of the early retirement option, a member must be between the ages of 55 and 60 and must have at least 20 but fewer than 35 years of service. *Id.* Additionally, under the early retirement option, the member and the member's last employer must each make a one-time non-refundable early retirement option contribution to the Teacher's Retirement System. The contribution is a percentage of the highest annual salary rate used to calculate the member's average salary. *Id.* Therefore, if Lake County High Schools Technology Campus was Davis' last employer and Davis was eligible to take the early retirement option, Lake County High Schools Technology Campus would be responsible for the employer contribution to the Teacher's Retirement System. At a hearing held on this matter, the parties estimated that this contribution would be between $200,000 and $300,000. *See* 6/9/2009 Oral Argument Transcript at 11.

If a member attempts to establish eligibility for the early retirement option through a substitute or part-time basis, that member is required to **substitute teach** for 85 or more days with the same employer within six months of the effective date of retirement. *Id.* At the time Davis informed Jedlicka of her intent to exercise the early retirement option, Lake County High Schools Technology Campus had reported to the Teacher's Retirement System that Davis had worked 94 creditable days at Lake County High Schools Technology Campus during the 2005-

2006 school year. If that number were correct, Davis would be eligible for the early retirement option. However, after Jedlicka learned of Davis' intent to exercise the early retirement option, Jedlicka reviewed the number of creditable days that Davis had worked. According to the defendants, Jedlicka then determined that 37 of the 94 days reported to Teacher's Retirement System as creditable service days had been reported in error. Defendants claim that Davis worked 29 days in Lake County High Schools Technology Campus's Infant Toddler Center as a substitute *aide*, six days in the cosmetology program, and two days as a hallway supervisor. Therefore, defendants allege that in these positions Davis was not serving as a substitute *teacher*, but rather was serving as a substitute *aide* and, as such, these 37 days cannot be counted as Teacher's Retirement System creditable days. Accordingly, defendants assert that Davis acquired only 57 days of creditable service during the 2005-2006 school year, fell shy of the 85 day requirement, and was ineligible for the early retirement option.

Davis alleges that defendants' attempts to classify her as a "teacher's aide" for those 37 days are inaccurate for several reasons, including that she maintained her teacher's certification during this entire time, that the record does not support the conclusion that Davis did not meet the Illinois Department of Children and Family Services requirements to be a substitute teacher in the Infant Toddler Center, that it is defendants' unilateral classification that she was an aide and there is no evidence in the record to support it, and that the duties of the teacher and assistant teacher are substantially similar.

On August 23, 2007, Davis filed a three-count complaint in the Circuit Court of Lake County asserting claims under 42 U.S.C. § 1983 (Count I), as well as an action for declaratory judgment pursuant to Illinois Code of Civil Procedure, 735 ILCS 2/2-701 (Count II)

4

and a request for issuance of a writ of mandamus pursuant to Illinois Code of Civil Procedure, 735 ILCS 5/14-101 *et seq.* (Count III). The defendants removed the action to this court on September 12, 2007. Defendant now moves for summary judgment on all counts.

## **LEGAL STANDARD**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 277, 248 (1986). Summary judgment is appropriate when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). The existence of a factual dispute is not sufficient to defeat a summary judgment motion; instead, the nonmoving party must present definite, competent evidence to rebut the motion for summary judgment. *See Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 924 (7th Cir. 2004). In reaching its holding, the court will consider the evidence in a light most favorable to the nonmoving party and draw all reasonable inferences in its favor. *See Anderson*, 477 U.S. at 255.

## DISCUSSION

Davis asserts three counts in her complaint and defendants move for summary judgment on Count I and then claim that, because Counts II and III are entirely based on Count I, if we grant summary judgment on Count I, it should also be granted as to Counts II and III. Count I asserts a claim under 42 U.S.C. § 1983 ("Section 1983") based upon defendants' alleged unlawful deprivation of her right to early retirement option pension benefits under Illinois law. Count II requests that the court enter a declaratory judgment pursuant to Illinois Code of Civil Procedure, 735 ILCS 2/2-701, stating that Davis is entitled to the early retirement option benefits. Count III requests that the court issue of a writ of mandamus pursuant to Illinois Code of Civil Procedure, 735 ILCS 5/14-101 *et seq.*, ordering defendants to resubmit documents to the Teacher's Retirement System demonstrating that Davis meets the criteria to qualify for the early retirement option. Defendants claim that Davis did not achieve the requisite 85 days of creditable Teacher's Retirement System service during the 2005-2006 school year to qualify for the early retirement option because she spent 37 of her days as a substitute working in non-creditable Teacher's Retirement System positions as a teacher's aide in the Infant Toddler Center and the cosmetology program, and serving as a hall monitor. Davis claims that all 94 of the days that she served as a substitute at Lake County High Schools Technology Campus were creditable days pursuant to the regulations of the Teacher's Retirement System. Based on defendants' position that Davis did not achieve the requisite 85 days of creditable Teacher's Retirement System service during the 2005-2006 school year, defendants claim that they are entitled to summary judgment on all counts.

We find that the defendants are entitled to summary judgment for two reasons: 1) Davis

failed to exhaust her administrative remedies under the Illinois Administrative Review Law, and 2) Davis' days spent in the Infant Toddler Center are not Teacher's Retirement System creditable days because she was not serving in a position requiring Illinois State Board of Education certification.

### I. Davis Failed to Exhaust Administrative Remedies

First, we find that Davis failed to exhaust her administrative remedies pursuant to the Illinois Administrative Review Law, 735 ILCS 5/3-101 *et seq.* The section of the Illinois Pension Code applicable to the Teacher's Retirement System of the State of Illinois indicates that the Teacher's Retirement System expressly adopts the Illinois Administrative Review Law. The statute states,

> The Administrative Review Law...shall apply to and govern all proceedings for the judicial review of final administrative decisions of the board provided for under this Article. The term "administrative decision" is defined in Section 3-101 of the Code of Civil Procedure. The venue for actions brought under the Administrative Review Law shall be Sangamon County.

40 ILCS 5/16-200. Additionally, pursuant to 735 ILCS 5/3-101, an "administrative decision" is "any decision, order, or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before an administrative agency." 735 ILCS 5/3-101. Therefore, because the Teacher's Retirement System made an "administrative decision" when it sent Davis the letter indicating that she did not have enough creditable days to qualify for the early retirement option, any appeal of that decision is governed by the Administrative Review Law due to the express adoption of the Administrative Review Law found in the provision of the Illinois Pension Code cited above. *See* 40 ILCS 5/16-200.

7

Accordingly, the Administrative Review Law provides, "[u]nless review is sought of an administrative decision within the time and manner herein provided, the parties to the proceeding before an administrative agency shall be barred from obtaining judicial review of such administrative decision." 735 ILCS 5/3-102. Davis received the letter from the Teacher's Retirement System informing her that she did not qualify for the early retirement option on or about December 10, 2006, and there is no indication that Davis attempted to appeal that decision internally to the Board of Trustees of the Teacher's Retirement System or to the Circuit Court of Cook County. Rather, Davis filed this lawsuit on August 23, 2007, long after the time period to review the Teacher's Retirement System's administrative decision had expired pursuant to the Illinois Administrative Review Law, 735 ILCS 3/3-103.

As a practical matter, the facts of this case demonstrate that internal appeal would have been especially prudent here. The Teacher's Retirement System determined that the days Davis worked in the Infant Toddler Center were not creditable days for purposes of the 85 day requirement, and obviously federal courts will give deference to administrative agencies interpreting their own rules and regulations. Had Davis appealed internally perhaps she could have persuaded the Teacher's Retirement System to change its position or to review more carefully the report submitted to it by the Lake County High Schools Technology Campus. Insofar as this court ought to defer to the decision of an administrative agency, it should defer to the adverse decision, which was the final decision, rendered by the Teacher's Retirement System.

Therefore, we find that defendants are entitled to summary judgment because Davis is barred from obtaining judicial review of this decision based on her failure to exhaust

administrative remedies.

>    II.   **Davis Fails to Set Forth Any Facts Demonstrating that She Maintained the Requisite Qualifications to Serve as a Substitute Teacher in the Lake County High Schools Technology Campus Infant Toddler Center**

Second, even setting aside Davis' failure to exhaust administrative remedies, we find that defendants are entitled to summary judgment because Davis fails to establish that she was entitled to the early retirement option and, as such, deprived of a property right in violation of Section 1983. According to the Illinois Pension Code, any definition of "teacher" that Davis argues applies to her includes language stating that a teacher must be serving ***"in a position requiring certification under the law governing the certification of teachers***." 40 ILCS 5/16-106(1)-(2), (7)(emphasis added). The statute governing the certification of teachers in Illinois is the Illinois School Code, 105 ILCS 5/21-0.01 *et seq*. The Illinois State Board of Education is responsible for certifying teachers pursuant to the School Code. *See* 105 ILCS 6/1A-4(D). Thus, in order to be serving as a "teacher" for purposes of Teacher's Retirement System crediting one must be serving in a position in which Illinois State Board of Education certification is required. Further, a "substitute teacher" is defined by the Illinois Pension Code as "[a]ny *teacher* employed on a temporary basis to replace another *teacher*." 40 ILCS 5/16-106.3. Therefore, in order to be serving as a "substitute teacher" for purposes of Teacher's Retirement System, one must be substituting in a position in which Illinois State Board of Education certification is required.

Davis does not dispute that the Infant Toddler Center at Lake County High Schools Technology Campus is regulated by the Illinois Department of Children and Family Services. Therefore, positions at the Infant Toddler Center are governed by Department of Children and

Family Services regulations. *See* 89 Ill.Admin.Code 407.140-170. Department of Children and Family Services regulations set forth qualifications for both "early childhood teachers" and "early childhood assistants." 89 Ill.Admin.Code 407.140-150. However, pursuant to the regulations and the Lake County High Schools Technology Campus job descriptions (which clearly set forth all necessary qualifications for the positions in questions), neither position requires Illinois State Board of Education certification. *See id.*; Def.'s Stmt. Facts, Exh. 7, Exh. 3-4 thereto. By contrast, days spent substituting as a classroom teacher at Lake County High Schools Technology Campus would be Teacher's Retirement System creditable because classroom teachers are required to be Illinois State Board of Education certified. *See* Def.'s Stmt. Facts, Exh.7, Exh. 1 thereto.

In her response to defendants' motion for summary judgment, Davis simply argues that defendants failed to establish that Davis did not possess the teacher requirements set forth in Section 407, or, alternatively, Section 404. (Davis asserts that the Infant Toddler Center is not necessarily governed by Section 407, but may be governed by Section 404. However, this distinction is irrelevant because Section 404.20, to which Davis points, does not set forth any specific qualifications or certification requirements, but rather is a general statement that teachers shall meet the requirements of the Illinois State Board of Education.) However, to the extent that Davis' argument rests of her allegations that she maintained the requisite certification and had the requisite qualifications pursuant to Department of Children and Family Services regulations, that argument is irrelevant. The question is simply whether Davis' days at the Infant Toddler Center were spent in a ***position*** requiring Illinois State Board of Education certification. Because none of the positions for which Davis could possibly have been substituting in the

Infant Toddler Center (*i.e.* "head teacher," "assistant," or "aide"), require Illinois State Board of Education certification, Davis could not have been substituting in a position requiring Illinois State Board of Education certification. Therefore, the days Davis spent working at the Infant Toddler Center are not creditable days for purposes of the 85 day requirement.

Accordingly, we are not presented with any genuine issue of material fact regarding whether or not Davis' days at the Infant Toddler Center should count towards qualification for the early retirement option. Davis served as a substitute at Lake County High Schools Technology Campus for 94 days during the 2005-2006 school year. Because the 29 days Davis worked in Infant Toddler Center do not count as creditable service days, Davis is left with 65 days of creditable service, which is not sufficient to qualify for the early retirement option. Therefore, we find that Davis is not entitled to the early retirement option and the defendants did not unlawfully deprive her of a property right pursuant to Section 1983.

Additionally, based upon our findings above, Davis would fall shy of the 85 day requirement regardless of what determination we made with respect to the six days spent substituting in the cosmetology school and the two days as a hall monitor, therefore, we need not address those issues.

Therefore, we find that the defendants are entitled to summary judgment on Count I. Additionally, because we find that Davis fails to set forth facts indicating that she is entitled to the early retirement option, neither a declaratory judgment or a writ of mandamus can issue and defendants are also entitled to summary judgment on Counts II and III.

## **CONCLUSION**

For the foregoing reasons, defendants' motion for summary judgment [31] is granted.

This is a final and appealable order and this case is hereby terminated.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: July 21, 2009